UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| v. | Case No.: 1:24-CR-000198-APM |
| **CURTIS DAVIS,** | |
| **Defendant.** | |

GOVERNMENT'S OPPOSITION TO
DEFENDANT'S MOTION TO EXTEND REPORTING DATE

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes Defendant Curtis Davis's Motion to Extend his Reporting Date, ECF No. 46.

On January 6, 2021, Curtis Davis stormed into the U.S. Capitol through the East Rotunda doors and attacked multiple police officers inside and around the Rotunda, by attempting to grab an officer's baton, punching at least two officers in the helmets and ripping a riot shield from the hands of another officer. After being forced out of the East Rotunda doors, he tried to forcibly reenter and punched another officer's riot shield multiple times. On December 8, 2023, Davis was arrested in North Carolina. ECF No. 4. After several months of negotiations, Davis pleaded guilty to a single count of 18 U.S.C. § 111(a)(1) on June 10, 2024. Min. Entry 6/10/24. Davis was sentenced on October 18, 2024 to 24 months incarceration and allowed to self-report. Min Entry 10/18/2024. At the time of his sentence, the Court granted a request that the government did not oppose, to allow Davis to report after the holiday period.

Davis now seeks further delay of his report date. ECF No. 46. In support of that motion, the defense cites the president-elect's campaign statements regarding potential pardons. *Id.* The

defendant argues that his report date being set prior to inauguration could cause a potential sentencing disparity compared to his co-defendant, Tanya Bishop. *Id.*

First, Davis was unquestionably more violent than Bishop on January 6. In any event, consideration of sentence disparities should not only be limited to the relative sentences between Davis and Bishop, but all similarly situated January 6 defendants, including those who have already served significant periods of incarceration.

Second, there is a public interest in the prompt and efficient administration of justice. The Government and the Court have endeavored to deliver that interest. The Government disagrees that a delay is warranted here, and the Court should proceed as it would in any other prosecution post-conviction. Additionally, judges on this Court have routinely rejected similar, speculative requests. *See, e.g.*, *United States v. Jaimee Avery*, 24-cr-00079 (CRC), November 6, 2024 Minute Order (denying continuance of sentencing hearing based on claim of potential clemency); *United States v. Nicholas Fuller*, No. 23-cr-209 (CKK), Nov. 6, 2024 Minute Entry (same); *United States v. Waynik*, 23-cr-175 (TJK), November 18, 2024 Minute Order (same); *United States v. Lichnowski*, 23-cr-341 (RBW), November 7, 2024 Minute Order (same); *see also United States v. Carnell, et al.*, No. 23-cr-139 (BAH), Nov. 6, 2024 Minute Order (denying motion to continue status conference based on claim of potential clemency); *United States v. Baker*, No. 24-cr-121 (CRC), November 11, 2024 Minute Order (denying motion to continue hearing based on claim of potential clemency); *United States v. Heffner*, No. 24-cr-260 (APM), November 11, 2024 Minute Order (denying motion to stay proceedings based on claim of potential clemency); *United States v. Johnson*, No. 24-cr-141 (JDB), November 13, 2024 Minute Order (denying motion to continue proceedings based on claim of potential clemency).

For the foregoing reasons, the Court should deny the defendant's motion to extend his report date to the Bureau of Prisons.

    Respectfully submitted,

    MATTHEW M. GRAVES
    United States Attorney
    D.C. Bar Number 481052

BY:  *s/ Kyle R. Mirabelli*
    Kyle R. Mirabelli
    Assistant United States Attorney
    NY Bar No. 5663166
    Capitol Siege Section
    U.S. Attorney's Office
    District of Columbia
    Telephone No: (212) 252-7884
    Email Address: kyle.mirabelli@usdoj.gov